UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Deandre Adarias Jenkins, ) | Criminal No.: 4:18-cr-00084-RBH-1 |
| ) | Civil Action No.: 4:19-cv-03282-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on Petitioner Deandre Adarias Jenkins ("Petitioner") *pro se* [ECF No. 123] motion to vacate, set aside, or correct sentence ("motion to vacate") pursuant to 28 U.S.C. § 2255. Also pending is the government's [ECF No. 129] motion for summary judgment. For the reasons stated below, the Court grants Respondent's motion for summary judgment, dismisses Petitioner's motion to vacate, and dismisses this case with prejudice.

## **Procedural History and Factual Background**

Petitioner was indicted on January 23, 2018, in a five count indictment. [Indictment, ECF No. 28]. The indictment alleged: 1) conspiracy to import cocaine in violation of 21 U.S.C. § 963; 2) conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846; 3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); 4) possession with intent to distribute cocaine, cocaine base, and marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D); and 5) unlawful use of the U.S. mail in violation of 21 U.S.C. § 843(b). *Id*.

On February 5, 2018, the government filed a notice pursuant to 21 U.S.C. § 851 to enhance Petitioner's sentence from a 5 year mandatory minimum prison sentence to a mandatory minimum of 10 years in prison. [§ 851 Notice, ECF No. 46]. The notice was based on Petitioner's prior South

Carolina conviction for possession of cocaine, 1st offense, for which Petitioner was sentenced to 1 year, suspended to time served. *Id*. The state court indictment alleged, among other things, that Petitioner did distribute, dispense or aid, abet, attempt or conspire to distribute, dispense or deliver a quantity of cocaine, a controlled substance, such distribution not having been authorized by law. [Presentence Investigation Report, ECF No. 118 at 13].

On June 4, 2018, Petitioner entered a guilty plea to count two of the indictment (conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846) pursuant to a plea agreement. [Guilty Plea, ECF No. 99].

A presentence investigation report ("PSR") dated July 5, 2018, was prepared by the U.S. Probation Office. The PSR found that Petitioner's advisory guideline range was 120 months, based on the applicable statutory mandatory minimum. [PSR, ECF No. 118 at 19]. Absent the statutory mandatory minimum, Petitioner's advisory guideline range would have been 63 to 78 months. *Id*.

On September 21, 2018, Petitioner was sentenced to 120 months in prison. The Judgment was entered on September 24, 2018. Petitioner did not file a direct appeal.

The instant pro se motion to vacate pursuant to 28 U.S.C. § 2255 was received by the Clerk's Office on November 21, 2019; however, Petitioner stated under penalty of perjury that his motion to vacate was placed in the prison mailing system on September 14, 2019. [ECF No. 123]. The government filed a response to Petitioner's motion to vacate and a motion for summary judgment on December 30, 2019. [ECF No. 108]. Petitioner filed a response to the government's motion for summary judgment on February 3, 2020.

## **Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of

2

the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).  Nonconstitutional claims may be brought pursuant to § 2255, but will not provide a basis for collateral attack unless the error involves a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct., 2235, 2240 (1979); *United States v. Morrow*, 914 F.2d 608, 613 (4th Cir. 1990).

A petitioner cannot ordinarily bring a collateral attack on the basis of issues litigated on direct appeal. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (stating petitioner "cannot 'circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion'"); *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009)*; Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.), cert denied, 429 U.S. 863, 97 S. Ct. 169 (1976). An exception occurs where there has been an intervening change in the law. *Davis v. United States*, 417 U.S. 333, 342, 94 S.Ct. 2298, 2302 (1974).  Additionally, where a defendant could have raised a claim on direct appeal but fails to do so, the claim may only be raised in a federal habeas proceeding if the defendant can show both cause for and actual prejudice from the default, *see Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), or that she is actually innocent, *see Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows

3

that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [ ] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon*, 205 F. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson*, 238 F. App'x 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of fact.' " *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Petitioner's motion to vacate alleges ineffective assistance of counsel. Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Constitution. amend VI. The United States Supreme Court has interpreted the Sixth Amendment to require that counsel be effective. *Strickland v. Washington*, 466 U.S. 668, 686, (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). In order to prevail on an ineffective assistance claim, petitioner must satisfy the two-prong test of *Strickland* that (1) his "counsel's representation fell below an objective standard of reasonableness," *id*. at 688; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. In the

4

context of a guilty plea, Petitioner must show "that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

A court applying the *Strickland* test may apply either prong first and does not need to analyze both prongs of the test if petitioner makes "an insufficient showing on one." *Id*. at 697.

In examining the performance of counsel, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id*. at 689. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the "distorting effects of hindsight." *Id*.

Regarding "deficient performance," a court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness. *See id.* at 689. While an attorney has a duty to investigate reasonable claims and defenses, an attorney's performance cannot be deemed ineffective or deficient if he fails to raise a defense which is "very weak". *Smith v. State of South Carolina*, 882 F.2d 895, 898 (4th Cir. 1989); *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3rd Cir. 1996). A habeas petitioner alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome may have been different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, a court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Id*. A defendant cannot show that a proceeding was fundamentally unfair if the underlying claims the attorney failed to raise are meritless, because the outcome of the proceeding would not have been different.

**Analysis**

Petitioner alleges, generally, that trial counsel was ineffective for failing to challenge the enhancement filed pursuant to 21 U.S.C. § 851. The § 851 enhancement increased Petitioner's statutory range in this case from 5 to 40 years imprisonment to 10 years to Life.[1] The § 851 enhancement was based on Petitioner's prior South Carolina conviction under S.C. Code § 44-53-370(d)(3) for possession of cocaine, 1st offense, for which Petitioner was sentenced to 1 year, suspended to time served.

Petitioner suggests counsel was ineffective for failing to make two arguments regarding the § 851 enhancement. First, Petitioner claims counsel should have argued that his prior state conviction was not a "felony drug offense" because he was only sentenced to 1 year, suspended to time served. Petitioner claims he never faced more than one year in prison for the possession of cocaine charge and, as a result, his possession of cocaine charge does not qualify as a "felony drug offense." Second, Petitioner claims his counsel should have argued that his prior state possession of cocaine offense does not qualify as a "felony drug offense" because the elements of his South Carolina possession of cocaine offense sweep more broadly than the definition of "felony drug offense" in 21 U.S.C. § 802(44).

South Carolina Code § 44-53-370(c) provides that "it shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained

---

[1] Title 21 U.S.C. § 851 provides that before a person can be subject to increased punishment by reason of one or more prior convictions under 21 U.S.C. § 841(b), the government must file an information stating in writing the convictions to be relied upon. 21 U.S.C. § 851(a)(1). Under 21 U.S.C. § 841(b)(1)(B), which applies in this case, if any person violates § 841(b)(1)(B), after a prior conviction for a *felony drug offense* has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment. 21 U.S.C. § 841(b)(1)(B).

directly from, or pursuant to a valid prescription or order of, a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this article."

South Carolina Code § 44-53-370(d)(3) states that "[a] person who violates subsection (c) with respect to cocaine is guilty of a misdemeanor and, upon conviction, must be imprisoned not more than three years or fined not more than five thousand dollars, or both."

In *Burgess v. United States*, the U.S. Supreme Court examined the South Carolina drug statute at issue in this case and considered "whether a state drug offense classified as a misdemeanor, but punishable by more than one year's imprisonment, is a 'felony drug offense' as that term is used in § 841(b)(1)(A)." *Burgess v. United States*, 553 U.S.124, 126 (2008). The U.S. Supreme Court concluded "[a] state drug offense punishable by more than one year . . . qualifies as a 'felony drug offense,' even if state law classifies the offense as a misdemeanor." *Burgess*, 553 U.S. at 126-27. According to *Burgess*, Petitioner's prior South Carolina conviction for possession of cocaine, which is punishable by up to three years imprisonment, qualifies as a "felony drug offense" for purposes of 21 U.S.C. §§ 841(b)(1)(B) and Petitioner's § 851 enhancement. It is of no consequence that Petitioner was sentenced to 1 year, suspended to time served. His prior South Carolina drug conviction qualifies as a "felony drug offense" because the offence was *punishable* by imprisonment for more than one year. *See Burgess*, 553 U.S. at 126-27.

"A lawyer does not perform deficiently by failing to raise novel arguments that are unsupported by then-existing precedent." *United States v. Morris*, 917 F.3d 818, 823 (4th Cir. 2019). "Nor does counsel fall below *Strickland*'s standard of reasonableness by failing to anticipate changes in the law, or to argue for an extension of precedent." *Morris*, 917 F.3d at 823. However, counsel will sometimes be required to make arguments "even in the absence of decisive precedent"

7

or where the law is unsettled. *See United States v. Carthorne*, 878 F.3d 458, 466 (4th Cir. 2017). As the Fourth Circuit noted in *Carthorne*, "counsel may be constitutionally required to object when there is relevant authority strongly suggesting that a sentencing enhancement is not proper." *Carthorne*, 878 F.3d at 466. It is not enough for Petitioner to prevail under *Strickland*'s performance prong that the law on the issue is unsettled or that an objection would have been plausible or non-frivolous. *Morris*, 917 F.3d at 826. Petitioner can prevail only if the relevant precedent *strongly suggested* that an objection was warranted. *Id*.

In this case, Petitioner's counsel was not ineffective for failing to challenge the § 851 enhancement. As discussed above, *Burgess* clearly holds that Petitioner's prior South Carolina conviction for possession of cocaine, punishable by up to three years in prison, qualifies as a "felony drug offense." The arguments Petitioner asserts his trial counsel should have raised regarding the § 851 enhancement are novel arguments that are unsupported by existing precedent. Petitioner relies on out-of-circuit cases, the dissent in *United States v. Nelson*, 484 F.3d 257 (4th Cir. 2007), and dicta from the vacated panel opinion in *United States v. Simmons*, 635 F.3d 140 (4th Cir. 2011), to support his position. However, Petitioner can only prevail on his ineffective assistance of counsel claim "if the relevant precedent *strongly suggested* that an objection was warranted." *See Morris*, 917 F.3d at 826. A few out-of-circuit cases, language from a dissent, and dicta from a vacated panel opinion do not clear that bar. *See id*.

For the reasons stated above, Petitioner's motion to vacate is due to be dismissed.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a

prisoner satisfies t the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is his standard by demonstrating that reasonable jurists would find that the court's assessment of debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

## Conclusion

For the reasons stated above, the government's [ECF No. 129] motion for summary judgment is **GRANTED** and Petitioner's [ECF No. 123] motion to vacate pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**.[2]

The Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

| | |
|---|---|
| April 7, 2020 | s/ R. Bryan Harwell |
| Florence, South Carolina | R. Bryan Harwell |
| | Chief United States District Judge |

---

[2] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").